IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WAYNE L. DUNKEN | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-00298 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on August 9, 2005, claiming entitlement to disability benefits due to arthritis of the neck, shoulders, and hands; carpal tunnel syndrome; and cervical disc disease. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Paris, Texas on October 8, 2009. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Evelyn Hartman, testified.

On January 8, 2008, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on October 22, 2010.

Therefore, the January 8, 2008 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since February 1, 2005, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: arthritis of the neck/shoulder, carpal tunnel syndrome and mild degenerative disc disease of cervical spine (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1(20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except claimant can frequently stoop, crouch, crawl and kneel: claimant can frequently climb stairs, but never climb ladder/scaffold/ropes; and claimant can frequently, but not constantly, reach, handle, finger and feel.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on January 18, 1973 and was 32 years old, which is defined as a younger individual age 18-49, on alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination if disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T.R. 15-23).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to

substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff's first point of error is that the ALJ did not give controlling weight to Dr. Gordon's opinion. Dr. Gordon wrote a five-line letter to Plaintiff and stated that, due to Plaintiff's four level cervical disc disease, Plaintiff would not be able to sustain any type of gainful employment. A medical source statement that a claimant is simply "disabled" or "unable to work" is not entitled to controlling weight because the ultimate issue of disability is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1).

In this case, the ALJ does discuss Dr. Gordon's findings. The ALJ notes that Plaintiff saw Dr. Gordon only two times before Dr. Gordon stated that Plaintiff was disabled. The ALJ at length explains why he gives Dr. Gordon's opinion little weight. First, he notes the paucity of visits.

Second, he notes that, at Plaintiff's request, no surgery was recommended and continued wrist bracing was recommended. Third, the ALJ refers to Dr. Gordon's own notes as indicative that the Plaintiff had only "mild " limitations in range of motion and normal motor strength. *See* TR 226 ("he has mild numbness and no weakness"). An MRI at the Paris Orthopedic Clinic demonstrated minimal straightening of the cervical spine secondary to muscle spasm. TR 218. Dr. Schneider stated that Plaintiff's motor and sensory exam was intact. TR 216. According to a record from the Pain Management Institute, his goals and expectations were "(t)o get disability and take care of kids. TR 246.

The Commissioner acts well within his discretion when he discounts an opinion of a treating physician that is only conclusory in nature without any supporting clinical or laboratory findings. *Scott v. Heckler,* 770 F.2d at 485 (5th Cir. 1985); *Jones v. Heckler,* 702 F.2d 616, 621 (5th Cir. 1983); *Oldham v. Schweiker,* 660 F.2d 1078, 1084 (5th Cir. 1981). Furthermore, an ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir. 1987). The ALJ gives his reasons for assigning little weight to Dr. Gordon's conclusion, including citing to evidence from other medical sources that Plaintiff had good range of motion of the cervical spine, 5/5 motor strength in the upper and lower extremities, and normal muscle tone with no evidence of atrophy. TR 22. Plaintiff's first point of error is overruled.

Plaintiff's next point of error is that the ALJ's decision at step 5 of the evaluation process is not supported by substantial evidence as Plaintiff's exertional and non-exertional limitations significantly erode the unskilled occupational base. "The ALJ is responsible for determining an

6

applicant's [RFC]." *Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995) (citing 20 C.F.R. § 404.1546). In essence, the ALJ found that Plaintiff could perform the job of a small products assembler. In his hypothetical, he asked the VE whether Plaintiff could perform that task if he could frequently reach, handle, finger and feel, but not constantly. The VE answered in the affirmative. The ALJ then asked if the VE's response would be the same if Plaintiff was limited to only occasional handling and fingering. The VE answered in the negative. Plaintiff states that, by the ALJ finding that he had a severe impairment as to carpel tunnel syndrome, Plaintiff cannot work as a small parts assembler. The ALJ specifically referred to the state agency physicians on Plaintiff's RFC and agreed with their findings. Partial reliance on the State agency physician's assessment was proper. *See* 20 C.F.R. 404.1527(f)(2)(i) (stating that state agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.).

Moreover, the ALJ provided an opportunity for Plaintiff's representative to cross-examine the VE. There was no cross. When the ALJ includes all disabilities supported by the evidence and provides Plaintiff's counsel the opportunity to correct the hypothetical question and suggest additional disabilities not recognized by the ALJ's findings, the VE's answer to the hypothetical question can provide substantial evidence supporting a denial of such benefits. *See Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir. 1994). Plaintiff had the opportunity to cross-examine the VE about the hypothetical questions. Given the VE's testimony and Plaintiff's failure to refute the testimony, substantial evidence supports the ALJ's RFC. *See Masterson v. Barnhart,* 309 F.3d 267, 273 (5th Cir. 2002). That point of error is, therefore, also overruled.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 8th day of November, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE